UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BUKOLA ESTHER ODELEYE,<br>TEMIDAYO OLALEKAN ODELEYE,<br>TIMOTHY STENSON ODELEYE,<br>EUNICE HARRIET ODELEYE,<br>HARRY JOHN ODELEYE,<br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES,<br>          Defendant. | Civil Action No. 8:26-cv-325-KKM-SPF<br><br>COMPLAINT FOR DECLARATORY,<br>INJUNCTIVE, AND APA RELIEF |

# COMPLAINT

## I. PARTIES

1. Plaintiff Bukola Esther Odeleye (A216-618-787) is a citizen of Nigeria residing in Florida, at 35256 Ackley Trace, Zephyrhills, FL 33541.

2. Plaintiffs Temidayo Olalekan Odeleye (Alien Number A216-618-788), Timothy Stenson Odeleye (Alien Number A216-618-789), Eunice Harriet Odeleye (Alien Number A216-618-790), and Harry John Odeleye (Alien Number A216-618-791) are her spouse and minor children and derivative applicants.

3. Defendant, United States Citizenship and Immigration Services ("USCIS") is a federal agency within the Department of Homeland Security ("DHS") responsible for the administration of U.S. immigration laws

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702–706.

5. This action seeks review of final agency action denying Plaintiffs' Forms I-485 and subsequent Forms I-290B. 5 U.S.C. § 704.

6. Judicial review is not barred because Plaintiffs challenge USCIS's legal eligibility determinations and failure to follow binding law and policy, not discretionary judgment. 8 U.S.C. § 1252(a)(2)(D); *Mejia Rodriguez v. DHS*, 562 F.3d 1137 (11th Cir. 2009).

7. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiffs reside here and the relevant agency actions occurred here.

## III. FINAL AGENCY ACTION

8. USCIS denied Plaintiffs' Forms I-485 on September 11, 2025.

9. Plaintiffs timely filed Forms I-290B, Motions to Reopen and Reconsider, supported by legal authority and documentary evidence.

10. USCIS denied the I-290B motions on December 17, 2025, affirming the I-485 denials without addressing Plaintiffs' legal arguments.

11. The I-290B denials constitute final agency action reviewable under 5 U.S.C. § 704.

## IV. STATUTORY AND REGULATORY FRAMEWORK

2

12. INA § 245(a), 8 U.S.C. § 1255(a), allows adjustment of status for an applicant who was inspected and admitted, is eligible for an immigrant visa, is admissible, and has a visa immediately available.

13. Plaintiffs are employment-based applicants under INA § 203(b).

14. INA § 245(c)(2) and (7) bar adjustment for certain status violations unless excused by INA § 245(k).

15. INA § 245(k) allows adjustment notwithstanding § 245(c)(2) and (c)(7) if the applicant has not, for an aggregate period exceeding 180 days since last admission, failed to maintain lawful status, engaged in unauthorized employment, or violated the terms of admission.

16. USCIS's Adjudicator's Field Manual section 40.9(F)(ii) and the Cook Memorandum (HQADN 70/6.1, Apr. 27, 2000) establish binding policy that the period of authorized stay begins on the date the alien files a bona fide application for asylum and continues until that application has been adjudicated.

17. An asylum applicant who files before expiration of the I-94 therefore does not accrue unlawful presence or status violations during the pendency of the asylum application, so long as employment is authorized. *United States v. Horma*, 2018 WL 4007470 (E.D. Va. Aug. 17, 2018).

## V. FACTUAL BACKGROUND

18. Plaintiffs entered the United States lawfully on December 26, 2017, in B-2 status, authorized until June 25, 2018.

19. On March 1, 2018, before expiration of the I-94, Plaintiff Odeleye filed a bona fide Form I-589, Application for Asylum.

20. As a result, Plaintiffs entered a period of authorized stay under AFM section 40.9(F)(ii) and the Cook Memorandum.

21. USCIS issued Employment Authorization Documents to Plaintiffs under 8 C.F.R. § 274a.12(c)(8).

22. Plaintiff Odeleye became a Registered Nurse. A U.S. healthcare employer filed an EB-3 immigrant petition, which USCIS approved on December 16th, 2023.

23. Plaintiffs filed Forms I-485 when immigrant visas were current.

24. USCIS admitted in the I-485 denial that Plaintiffs were lawfully present when they filed their applications.

25. USCIS nevertheless denied the I-485s on the ground that Plaintiffs allegedly exceeded 180 days of status violation under INA § 245(k), ignoring the asylum-based tolling of the 245(k) clock.

26. Plaintiffs raised these errors in detailed I-290B motions supported by controlling authority.

27. USCIS denied the I-290B motions without addressing the governing law, policies, or Plaintiffs' legal arguments.

## VI. CLAIMS FOR RELIEF

Count I

APA – Unlawful Agency Action (5 U.S.C. § 706(2))

28. USCIS acted contrary to law by failing to toll the INA § 245(k) counting period during the pendency of Plaintiffs' timely filed asylum applications, in violation of AFM section 40.9(F)(ii), the Cook Memorandum, and INA § 212(a)(9)(B)(iii)(II).

29. USCIS's conclusion that Plaintiffs exceeded 180 days under § 245(k) is legally impossible under binding DHS policy and therefore arbitrary and capricious.

Count II

APA – Failure to Follow Binding Policy (Accardi Doctrine)

30. USCIS was required to follow its own binding adjudicatory rules in the AFM and Cook Memorandum.

31. USCIS failed to apply those rules and instead counted time that was legally excluded from the § 245(k) calculation.

Count III

APA – Failure to Provide Reasoned Decision-making

32. USCIS denied the I-290B motions without engaging with Plaintiffs' evidence or legal authority, violating 5 U.S.C. § 706(2)(A).

## VII. DERIVATIVE BENEFICIARIES

33. Plaintiffs' spouse and minor children are eligible for adjustment as derivatives under INA § 203(d).

## VIII. EQUITIES AND PUBLIC INTEREST

34. Plaintiff Odeleye is a licensed Registered Nurse in a federally designated shortage occupation.

35. Plaintiffs complied with all immigration requirements and worked only under USCIS-issued EADs.

36. The public interest favors correcting unlawful agency action and retaining skilled healthcare workers.

## IX. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

a. Declare USCIS's denials of the I-485 and I-290B unlawful;

b. Vacate those denials;

c. Remand with instructions to apply the correct INA § 245(k) tolling rules;

d. Enjoin adverse action based on the unlawful denials;

6

e. Award attorneys' fees under EAJA;

f. Grant all other appropriate relief.

                        Respectfully Submitted,

                        By: *S/Olusegun Asekun*
                            Dr. Olusegun Asekun
                            New York Attorney No: 4262903
                            Texas Bar No. 24126273
                            Email: info@olufairdeal.com
                            The Law Office of Olu Asekun, P.C.
                            5020 Mansfield Road
                            Arlington, Texas 76010
                            Telephone No: (817) 274-1144
                            Facsimile No: (817) 274-1101
                            **ATTORNEY FOR PLAINTIFFS,**
                            **BUKOLA ESTHER ODELEYE,**
                            **TEMIDAYO OLALEKAN ODELEYE,**
                            **TIMOTHY STENSON ODELEYE,**
                            **EUNICE HARRIET ODELEYE,**
                            **HARRY JOHN ODELEYE.**