**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BUKOLA ESTHER ODELEYE,
et al.,

Plaintiffs,

v. Case No. 8:26-cv-325-KKM-SPF

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

Defendant.

___________________________________

**ORDER**

The plaintiffs are Nigerian citizens who seek an order vacating and remanding for reconsideration the United States Citizenship and Immigration Services' (USCIS) denial of adjustment to their immigration status under Title 8 United States Code, Section 1255. Compl. (Doc. 1) ¶¶ 1–2, 5, 12; *id.* at 6–7. USCIS moves to dismiss for lack of jurisdiction. *See* MTD (Doc. 16). Because Title 8 United States Code, Section 1252(a)(2)(B)(i) strips this Court of jurisdiction to review USCIS's denial, I grant the motion.

## I. BACKGROUND

The plaintiffs are a family of five Nigerian citizens. Comp. ¶ 1–2. Each plaintiff filed a Form I-485 petition requesting USCIS adjust immigration status under Title 8 United States Code, Section 1255(a). *See id.* at ¶¶ 12, 23.

USCIS denied those petitions on September 11, 2025. *Id.* at ¶ 8. After denial, the plaintiffs filed Form I-290B motions objecting to the Form I-485 denials and renewing their request for Section 1255(a) relief. *Id.* at ¶¶ 25–26. USCIS denied those motions too. *Id.* at ¶ 27.

The plaintiffs seek judicial review of the denial of adjustment, bringing Administrative Procedure Act (APA) claims against USCIS. *See id.* at ¶ 5. The plaintiffs assert that they are entitled to relief because USCIS's determination is "arbitrary and capricious," USCIS failed "to follow its own binding adjudicatory rules," and USCIS refused to "engag[e] with . . . evidence" in denying the status adjustments. *Id.* at ¶ 29, ¶ 30, ¶ 32. The plaintiffs allege that USCIS miscalculated that the plaintiffs exceeded 180 days in nonconformity under Title 8 United States Code, Section 1255(k). *Id.* ¶ 25. USCIS moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). MTD at 1. The plaintiffs respond. Resp. (Doc. 19).

## II. LEGAL STANDARD

A defendant may challenge a court's subject-matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). There are two kinds of Rule 12(b)(1) attacks. Facial attacks "challenge[] whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for

the purposes of the motion.' " *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In contrast, factual attacks "challenge[] the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* Because the defendant mounts a facial attack, *see* MTD at 6–12, I must take the factual allegations in the complaint as true, *see McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When "a statute precludes judicial review" of a plaintiff's claims, I "lack subject matter jurisdiction," *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (per curiam), and I "must dismiss the complaint without prejudice," *see Harrington v. Glidewell*, No. 24-13877, 2026 WL 103990, at *4 (11th Cir. Jan. 14, 2026) (per curiam) (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (per curiam)).

## III. ANALYSIS

A person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA. *See* 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to

review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam).

District courts cannot scrutinize agency action, though, when Congress bars such review. *See Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1306 (11th Cir. 2025). The APA does not apply when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). So, the jurisdictional question here is whether Congress precluded judicial review of the denial of status adjustments under Section 1255(a). In my view, Congress clearly did so.

Relevant here, "Section 1252(a)(2)(B)(i) strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under [Section] 1255." *Patel v. Garland*, 596 U.S. 328, 336–37 (2022) (quoting Section 1252(a)(2)(B)(i)). In pertinent part, this statute provides that, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). As explained in *Patel*, this expansive language "does not restrict itself to certain kinds of [Section 1255] decisions," but instead covers "any authoritative decision" concerning Section 1255 relief. *See Patel*, 596 U.S. at 337–39. And logically, denial of relief is a "judgment *relating to* the granting of relief." *See Patel*, 596 U.S. at 339; *id.*

at 344 ("§ 1252(a)(2)(B)(i) does not stop at just the grant or *denial of relief*.") (emphasis added); *see also Commandant v. Dist. Dir., Miami Dist. (S24), USCIS*, No. 21-10372, 2024 WL 3565390, at *3 (11th Cir. July 29, 2024) ("[S]ection 1252(a)(2)(B)(i) stripped the district court of jurisdiction to review *any* 'authoritative decision'" including the "denial[] of section 1255 applications."). In other words, Section 1252(a)(2)(B)(i) shields the decision to deny a request for Section 1255(a) relief because a denial determination constitutes a negative "judgment regarding the granting of relief." 8 U.S.C. § 1252(a)(2)(B)(i); *see Patel*, 596 U.S. at 339.

The plaintiffs' APA claims fall squarely within Section 1252(a)(2)(B)(i)'s jurisdictional bar. Boiled down, the plaintiffs claim that USCIS abused its discretion in denying an adjustment of status under Section 1255(a) because USCIS failed to first correctly apply the 180-day "aggregate period" clock, *see* 8 U.S.C. § 1255(k)(2), to the plaintiffs' circumstances, *see* Compl. ¶¶ 25, 28–32. Yet the charge that USCIS misapplied Section 1255(k)'s timing in making a Section 1255(a) judgment amounts to an attack on the USCIS's ultimate "authoritative decision" to deny relief under Section 1255(a). *See Patel*, 596 U.S. at 337–39. And "Congress has sharply circumscribed judicial review" of that Section 1255(a) determination. *See Commandant*, 2024 WL 3565390, at *2 (quoting *Patel*, 596 U.S. at 332). Because Section 1252(a)(2)(B)(i) strips this

court of "jurisdiction to review" the denial of a status adjustment under Section 1255(a), I lack jurisdiction over all the plaintiffs' APA claims.[1]

Seeking to get around Section 1252(a)(2)(B)(i)'s bar, the plaintiffs claim that Title 8 United States Code, Section 1252(a)(2)(D)'s "narrow exception" to Section 1252(a)(2)(B)(i) controls here. *See* Resp. at 12; *Commandant*, 2024 WL 3565390, at *2. But that gets the plaintiffs nowhere. To start, although judicial review is not precluded for "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), the plaintiffs' claims fall outside those categories because they present "dress[ed] up" questions of fact, *Patel v. United States Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc), *aff'd sub nom. Patel*, 596 U.S. 328 (2022), merely "couched" as legal questions concerning USCIS's calculation of Section 1255(k) timing, *Mutua v. U.S. Att'y Gen.*, 22 F.4th 963, 968 (11th Cir. 2022) ("An argument . . . that essentially challenges the agency's weighing of evidence . . . does not state a legal or constitutional claim."). Beyond that, even if the plaintiffs' claims raised pure legal questions, Section 1252(a)(2)(D) only restores judicial review "to a circuit court—and not to suits filed in district court to compel agency action." *Kanapuram*, 131 F.4th at 1309; ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL

[1] Because I lack jurisdiction under Section 1252(a)(2)(B)(i), I do not reach the government's alternative argument that the plaintiffs failed to exhaust administrative remedies before seeking judicial review. *See* Mot. at 13–16.

TEXTS § 10, at 107 (2012) ("The expression of one thing implies the exclusion of others."). Indeed, the plaintiffs concede as much. *See* Resp. at 12. So, Section 1252(a)(2)(D) does nothing to wrest the plaintiffs' claims from Section 1252(a)(2)(B)(i)'s bar. And because that bar remains, I lack jurisdiction over the plaintiffs' claims.

## IV. CONCLUSION

I lack subject matter jurisdiction over the plaintiffs' APA claims that the defendant unlawfully denied the plaintiffs' Form I-485 and Form I-290B petitions for adjustment of status. Accordingly, the following is **ORDERED**:

1. The defendants' motion to dismiss (Doc. 16) is **GRANTED**.
2. This action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.
3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."
4. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 20, 2026.

Kathryn Kimball Mizelle
United States District Judge